UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BERNHARD BREWER,

Plaintiff,

vs.                                             Case No.:

ACB AMERICAN, INC.,

Defendant.

_____/

## COMPLAINT

1.      Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat.  559.55 et seq. ("FCCPA").

### JURISDICTION

2.      Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA"), and pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq.

3.      This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasion of Plaintiff's personal and financial privacy by this Defendant and its agent in its illegal effort to collect a consumer debt from Plaintiff.

4.      Venue is proper in this District because the act and transaction occurred here, Plaintiff resides here, and Defendant transacts business here.

PARTIES

5.      Plaintiff, BERNHARD BREWER, is a natural person who resides in the City of Miami, County of Dade, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.      Defendant ACB AMERICAN, INC., (hereinafter "Defendant ACB") is a collection agency operating from an address of 4351 Winston Avenue, Covington, KY 41015, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.      Defendant ACB regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8.      Defendant ACB regularly collects or attempts to collect debts for other parties.

9.      Defendant ACB was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

FACTUAL ALLEGATIONS

10.     Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11.     Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

12.     Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

2

<u>COLLECTION CALL</u>

13.     On or about September, 2010, Defendant ACB's collector contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14.     During this September, 2010 call, Defendant left a voice mail on Plaintiff's answering machine, identifying himself as a debt collector.

<u>SUMMARY</u>

15.     The above-described collection communication made to Plaintiff by Defendant ACB, and collection employees employed by Defendant ACB, was made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b(3), and 1692b(5), as well as the FCCPA § 559.72(5), and § 559.77(5).

16.     During its collection communication, Defendant and this individual debt collector employed by Defendant ACB failed multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b(3), and 1692b(5), amongst others.

17.     The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts and resulted in actual damages to these Plaintiff.

18.     Defendant's disclosure of Plaintiff's indebtedness to a third party was an invasion of his privacy and his right to financial privacy.

<u>TRIAL BY JURY</u>

19.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

<u>CAUSES OF ACTION</u>

<u>COUNT 1</u>

<u>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>
<u>15 U.S.C. § 1692 et seq.</u>

20.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     The foregoing acts and omissions of the Defendant and its agent constitutes numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to each of these Plaintiff.

22.     As a result of the Defendant's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

<u>COUNT 2</u>

<u>INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY</u>
<u>REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY</u>

23.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

24.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  15 U.S.C. § 1692(a) (emphasis added).

25.     Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.  15 U.S.C. § 6801(a) (emphasis added).

26.     Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by unlawfully attempting to collect a debt and thereby invaded the Plaintiff's privacy.

27.     Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by unlawfully disclosing information about this debt to third parties, and thereby invaded Plaintiffs' right to financial privacy.

28.     Defendant disclosed Plaintiff's alleged indebtedness to Mercedes Sampos. Defendant knew or had reason to know that Mercedes Sampos did not have a legitimate need for the information.

29.     The Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

30.     The conduct of this Defendant and its agent, in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in an intrusion and invasion of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

COUNT 3

VIOLATION OF 559.72 (5) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

31.     Defendant disclosed Plaintiff's alleged indebtedness to Mercedes Sampos. Defendant knew or had reason to know that Mercedes Sampos did not have a legitimate need for the information.

32.     As a result of the improper disclosure to a third party, Plaintiff's reputation has been affected.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)    Damages and

B)    Attorneys' fees and costs

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.


Dated:  October 12, 2010                    Respectfully submitted,


                                            /s Andrew I. Glenn_____
                                            Andrew I. Glenn

E-mail:  AGlenn@cardandglenn.com
Florida Bar No.:  577261
J. Dennis Card, Jr.
E-mail:DCard@cardandglenn.com
Florida Bar No.  0487473
Card & Glenn, P.A.
2501 Hollywood Boulevard, Suite 100
Hollywood, Florida 33020
Telephone:  (954) 921-9994
Facsimile:  (954) 921-9553
Attorneys for Plaintiff